Samuel T. WEAVER, Appellant,

v.

George ANDERSON, Appellee.

No. 1638.

Municipal Court of Appeals for the District of Columbia.

Argued June 6, 1955.

Decided July 6, 1955.

Samuel T. Weaver, pro se.

D. Carroll McGean, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

■ A landlord sued for possession of a house, alleging that the tenant was in default of rent. The trial court awarded plaintiff a judgment for possession but ruled that the amount of rent due was less than plaintiff claimed. This appeal was brought by the plaintiff, who says that the judge incorrectly computed the amount of rent due. As to this we need only say that the issue was clearly one of fact. Plaintiff's figures were presented verbally and were not supported by any of his records. Defendant's testimony was corroborated by his wife, by two other witnesses, and by signed receipts. It was to the effect that his rent had been paid in cash and by personal services his wife had rendered to plaintiff.

Plaintiff asked for and was granted a continuance of one day to bring in additional evidence. The next day, according to the transcript, "he produced a calendar and calculated that so many weeks had elapsed, and at so much a week they would have to pay so much rent. He then stated that he had only received so much leaving due him the amount claimed in his complaint. He did not at this time produce any books of record to substantiate his claim." He also presented a witness who testified as to certain payments of rent the witness had made to defendant's wife. (The effect of this testimony is not clear, but presumably it was intended to establish a debit against defendant's account.) It is unnecessary that we say more on this subject. There is nothing in the record to indicate any error by the judge in making his computation of the amount of rent due.

■ Appellant says he should have been given a continuance of one week instead of one day to bring in additional evidence.

But the record shows that he asked for one day and that his request was granted. In any event, this was a discretionary matter.

■ Also assigned as error is the refusal to grant a motion for new trial (denominated by appellant as a motion for rehearing). In connection with the motion the claim was made, not by affidavit but by counsel's verbal representations to the court, that plaintiff's record book had been pushed behind a television set and had not been found until after the decision of the case. There was no showing as to what the record book contained, nor as to any of the other elements essential to support a claim of newly discovered evidence. The motion was properly denied.

Appellant assigns several other errors. They are without legal substance or without any support in the record.

Affirmed.